## BLAKE MFG. CO. et al. v. MARTIN PRODUCTS CO. et al.

### No. 5296.

United States District Court
W. D. Missouri, W. D.
June 3, 1949.

Charles M. McKnight, Tulsa, Oklahoma; William D. Cosgrove, Kansas City, Mo., and Robert F. Davis, Washington, D. C., for plaintiff.

Roscoe C. Van Valkenburgh and Claude A. Fishburn of Kansas City, Mo., for defendants.

DUNCAN, District Judge.

This is an action for patent infringement and unfair competition brought by Blake Manufacturing Company of Tulsa, Oklahoma, Harry Holden of Wichita, Kansas and Homer C. Moore of Tulsa, Oklahoma against Martin Products Company, a corporation of Missouri, having a place of business at Kansas City, Missouri, in this District, and Walter H. Bohnenblust, an individual of Kansas City, Missouri. The action charges infringement of United States Letters Patent No. 2,224,433 by the manufacture, use and sale by defendants of air deflectors for use on automotive vehicles, and unfair competition in connection with the same.

### Findings of Fact

1. This Court has jurisdiction of the parties and the subject matter.

2. Plaintiffs Holden and Moore are the owners of the patent in suit and the Blake Manufacturing Company is the exclusive licensee thereunder.

3. Claims 1 and 2 of United States Letters Patent No. 2,224,433 define a new and useful air deflector for the no-draft ventilating windows of automotive vehicles, and the device defined by each of these claims is inventive over the prior art.

4. Defendants and each of them have manufactured, used and sold air deflectors as defined by each of the claims of United States Letters Patent No. 2,224,433 in this district and elsewhere throughout the United States within the six years immediately preceding the filing of this action, without license under the patent in suit under the trade name of "Windjammer."

5. Defendants had notice of the patent in suit and their alleged infringement thereof prior to the filing of the complaint herein, and had notice of the patent in suit prior to their infringement thereof.

6. Defendants copied the structure of the patent in suit and made only minor changes and colorable departures in its construction.

7. Blake Manufacturing Company manufactures and sells air deflectors embodying the invention defined in claims 1 and 2 of United States Letters Patent No. 2,224,433. Blake Manufacturing Company began to manufacture and sell these air deflectors in 1947 and have sold them throughout the United States and within this district under the trade name of "Kool Breez."

8. That the air deflector manufactured by defendants is adapted to fit a no-draft ventilating window and allow the window to open and close with the deflector in place in the same manner as the air deflector of the patent in suit.

9. Defendant Bohnenblust designed the air deflector manufactured under the trade name of "Windjammer" to include all of the essential elements of the air deflector of the patent in suit, and to incorporate minor unimportant differences apparently for the purpose of appropriating the essential features of the invention of the patent in suit while attempting to avoid the force and effect of that patent.

10. There is no prior art disclosure of the combination of an arcuate air deflector having downwardly diverging edges and a U-shaped attaching channel so that it can be removably attached upon the leading edge of a pivoted no-draft ventilating window of an automotive vehicle for the purpose of directing air currents in a downwardly concentrated path wherein the pivoted window is capable of opening and closing without hindrance from the air deflector.

11. That for a number of years long prior to the issuance of the patent in suit, automotive vehicles were constructed with pivotable no-draft ventilating windows.

12. The Holden patent in suit was the first invention to solve the problem of utilizing air deflectors attachable to the leading edge of a no-draft pivotable window of an automobile vehicle for controlling the direction of air in a concentrated path downwardly into the automobile.

13. The defendants have invaded substantially the same sales territory as the plaintiff, the Blake Manufacturing Company, and have attempted to sell the same customers as the Blake Manufacturing Company.

14. The accused device was designed primarily for attachment to the forward edge of a pivoted window of an automobile to direct the air upwardly in the car as well as downwardly. It consists of a deflector having a cylindrical body provided with a straight front edge, a curved lower edge and a curved side edge to present a substantially triangular deflector. It is made from two pieces of sheet material, one of said pieces comprising a bracket disposed parallel with said edge and has transversely disposed legs fastened to the body of the deflector by rivets or spot welds. The bracket is spaced from the deflector providing a slot through which air will be forced and be directed against the windshield inside the car and be circulated through the upper part of the car, the cylindrical portion of the deflector directing the air downwardly into the car. The bracket is provided with a U-shaped clamping member to clamp the device on the edge of the ventilator or pivoted window of the vehicle. It is also provided with an extension for removal of the device therefrom.

15. The accused device is constructed in substantially the same manner, performs the same function in substantially the same way as the patented device, and achieves substantially the same result.

16. Defendant Walter H. Bohnenblust has never manufactured and sold air deflectors individually and separately from Martin Products Company. He organized the Martin Products Company on May 15, 1948 for the purpose of manufacturing and selling the accused device, the "Windjammer." Said Martin Products Company did manufacture and sell said accused device from on or about May 15, 1948 until about July 9, 1948.

17. The Court further finds that the allegations of unfair trade practices is not sustained by the evidence.

### Conclusions of Law

1. That the Court has jurisdiction of the parties and the subject matter hereof.

2. That the plaintiffs Holden and Moore were, at the time of filing the complaint herein, the owners of the Holden patent No. 2,224,433 and the plaintiff Blake Manufacturing Company was the exclusive licensee thereunder under the patent in suit, and may maintain an action to restrain infringement and unfair competition and recover damages arising from the infringement and unfair competition thereof.

[1] 3. That claims 1 and 2 of the Holden Patent No. 2,224,433 are good and valid in law.

4. That claims 1 and 2 of the Holden Patent No. 2,224,433 have been infringed by the defendants prior to the fil-

ing of the complaint herein and within six years thereof.

5. That the defendants are not guilty of unfair trade practices.

6. That the plaintiffs are entitled to a permanent injunction as prayed for in the complaint.

7. That the plaintiffs are entitled to damages, costs and disbursements, including reasonable attorneys' fees.

Decree to be submitted in accordance with above Findings of Fact and Conclusions of Law.